UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON, | No. 2:22-cv-01025-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| ALEXIS FICKENWORTH PENA, et al., | |
| Defendants. | |

Plaintiff's pro se complaint filed on June 13, 2022 (ECF No. 1) is before the court for screening. This matter was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

Plaintiff has filed an application in support of a request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis will be granted.

**I.     SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1

1  (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
3  court accepts as true the factual allegations contained in the complaint, unless they are clearly
4  baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.
5  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d
6  954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

7  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines
8  v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory
9  allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council
10 v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of
11 action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57
12 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

13 To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
14 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial
15 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
16 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se
17 litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend
18 unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809
19 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v.
20 Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

21 **II.    THE COMPLAINT FAILS TO STATE A CLAIM**
22     **A.    Plaintiff's Allegations**
23 Defendants are eleven individuals described as "Next Door App Residents" whom
24 plaintiff alleges work in the County of Sacramento. (See ECF No. 1 at 3.) However, the factual
25 allegations set forth in the complaint are very difficult to understand.

26 Plaintiff alleges the defendants conspired to attempt to kill him, and set him up to take a
27 fall, for which he is now in jail. (ECF No. 1 at 3.) Some of the defendants are alleged to work at a
28 hospital where plaintiff alleges some type of device was put in his ear without his consent. (Id.)

Other defendants are alleged to be police officers or correctional officers at the county jail. (Id. at 5.) Plaintiff states he was chased with lasers, with red light pointed on his skin everywhere he went, burning his skin, torturing him, and trying to kill him. (Id.) Plaintiff also states the ICS solutions deputies at the jail sabotaged his use of the phone, and listened to his phone calls, including legal calls. (Id. at 4.)

The complaint sets forth retaliation, freedom of speech, and "threat to safety" as the intended causes of action. (ECF No. 1 at 3, 5.) Plaintiff seeks damages (Id. at 7.)

### B. Requirements of Federal Rule of Civil Procedure, Rule 8

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Here, the complaint does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The complaint does not describe in an understandable way the specific conduct the defendants are alleged to have engaged in that violated plaintiff's rights. The court is unable to discern what facts underlie the causes of action plaintiff is attempting to bring, and against whom. The complaint must be dismissed because it does not contain sufficient factual content to allow the court to draw the reasonable inference that any named defendant has violated plaintiff's constitutional rights.

### C. Civil Rights Violations (42 U.S.C. § 1983)

In order to state a cognizable civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege a right secured by the Constitution or laws of the United States was violated by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The first step in making a claim under § 1983 is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271 (1994). Here, the complaint identifies retaliation, freedom of speech, and "threat to safety" as the intended causes of action. However, the complaint's allegations do not plausibly allege a violation of plaintiff's constitutional rights or federal law as required to state a claim under 42 U.S.C. § 1983. See West, 487 U.S. at 48.

The First Amendment forbids government officials from retaliating against individuals for their exercise of freedom of speech. Hartman v. Moore, 547 U.S. 250, 256 (2006). To recover

1  under 42 U.S.C. § 1983 for retaliation against an individual for that individual's exercise of
2  freedom of speech, a plaintiff must prove: (1) he engaged in constitutionally protected activity;
3  (2) as a result, he was subjected to adverse action by the defendant that would chill a person of
4  ordinary firmness from continuing to engage in the protected activity; and (3) there was a
5  substantial causal relationship between the constitutionally protected activity and the adverse
6  action." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006).

7       In order to state a cognizable claim, a plaintiff must show that the defendant, by their
8  actions, deterred or chilled the plaintiff's exercise of protected speech, and that such deterrence
9  was a substantial or motivating factor in the defendant's conduct. See, e.g., Lacey v. Maricopa
10 County, 649 F.3d 1118, 1132 (9th Cir. 2011). "If the plaintiff establishes the elements of a
11 retaliation claim, the government can escape liability by showing that it would have taken the
12 same action even in the absence of the protected conduct." Id. (internal quotations omitted).

13      Here, the complaint fails to state a cognizable retaliation claim. Plaintiff does not make
14 clear what retaliatory conduct allegedly occurred, or who did it. In addition, plaintiff does not
15 allege facts showing that he suffered a cognizable injury in the form of a chilling effect on his
16 protected expression. See Lacey, 693 F.3d at 917. Finally, plaintiff has not alleged that there was
17 a substantial causal relationship between his exercise of free speech and any "adverse action"
18 suffered. Id.

19      In order to state a cognizable claim, a complaint must contain more than "naked
20 assertions" or "labels and conclusions." Twombly, 550 U.S. at 555-557. The complaint as
21 currently pleaded contains no discernable facts alleged in support of a claim that plaintiff's First
22 Amendment rights were infringed.

23      In addition, the complaint does not allege facts sufficient to show that any named
24 defendant acted under color of state law. Although plaintiff states some of the defendants work in
25 the hospital and the jail, plaintiff also describes the defendants as Next Door App Residents. It is
26 unclear whether plaintiff's contact with the named defendants occurred while plaintiff was in the
27 hospital or jail. Private action, no matter how wrongful, is not actionable under § 1983. See Holly
28 v. Scott, 434 F.3d 287, 291-92 (4th Cir. 2006); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.

1991). Thus, private parties do not generally act under color of state law for purposes of 42 U.S.C. § 1983. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

### III.   CONCLUSION AND ORDER

The complaint must be dismissed because it fails to state a claim. Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); see Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff will be granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). If plaintiff elects to file an amended complaint, the complaint must allege in specific terms how each named defendant is involved in the alleged violations.

If plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  August 4, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Littleton.22cv1025.scrn