UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON,<br><br>Plaintiff,<br><br>v.<br><br>ALEXIS FICKENWORTH PENA, et al.,<br><br>Defendants. | No. 2:22-cv-1025-TLN-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is currently incarcerated, filed a pro se complaint and requested leave to proceed in forma pauperis on June 13, 2022. (ECF Nos. 1, 2.) This matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b).

By order signed on August 4, 2022 (ECF No. 6), the undersigned screened the complaint pursuant to 28 U.S.C. § 1915(e) and determined the complaint was subject to dismissal for failure to state a cognizable claim for relief. Plaintiff was advised of the deficiencies in the complaint and was granted 30 days to file an amended complaint. Plaintiff was warned that failure to file an amended complaint would result in a recommendation that this action be dismissed. The time granted for plaintiff to file an amended complaint has expired and plaintiff has neither filed an amended complaint nor sought an extension of time to do so.

////

1

Instead of filing an amended complaint, plaintiff has attempted to file a petition for writ of habeas corpus. (ECF No. 7.) The court has discretion to convert an action initiated with a civil complaint to a habeas corpus action. See generally Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (court has discretion to convert habeas petition to civil rights action) (superseded by statute on other grounds); see also Park v. Thompson, 356 F. Supp. 783, 793 (D. Haw. 1973) (granting motion to amend complaint to treat action as a petition for writ of habeas corpus). However, the court should decline to do so in this instance because the habeas petition does not purport to involve as respondent(s) any of the defendants originally named in the complaint. To the contrary, plaintiff described the defendants in this case as Next Door App Residents, who thus appear to be private parties rather than government actors. As noted in the order screening plaintiff's original complaint (see ECF No. 6), private action, no matter how wrongful, is not actionable under 42 U.S.C. § 1983. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

Because plaintiff's attempt to convert this action to a habeas corpus petition is not sufficiently related to the matters raised in the initial civil complaint, the court should decline to convert the action to be treated as a petition for writ of habeas corpus. Plaintiff must pursue any habeas corpus relief he seeks in a habeas corpus action. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (habeas corpus is the exclusive vehicle for claims challenging the fact or duration of the conviction or sentence).

Based on the foregoing, and for the additional reasons set forth in the court's original screening order signed on August 4, 2022 (ECF No. 6), IT IS HEREBY RECOMMENDED:

1. This action be dismissed for failure to state a claim and failure to prosecute. See Fed. R. Civ. P. 41(b); and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 4, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Littleton.22cv1025.fta.fr